UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOHN W. DESHOTELS                    CIVIL ACTION NO. 11-CV-2052

VERSUS                               JUDGE DOHERTY

VILLAGE OF PINE PRAIRIE, ET AL       MAGISTRATE JUDGE HANNA

**Report and Recommendation**

Before the undersigned for report and recommendation is a Motion to Dismiss pursuant to Rule 12(b)(6) filed by Defendants, the Village of Pine Prairie, Terry Savant, Tammy Hammond, Debra Oge', and Quint West [Doc. 3][1].  For the reasons set out below, the undersigned recommends that the motion be GRANTED.

**Factual and Procedural Background:**

On August 20, 2010, *pro se* plaintiff John W. Deshotels filed a "Suit for Wrongful Prosecution and Damages" in the 13th Judicial District Court in Evangeline Parish, Louisiana. [Rec. Doc. 1-2]  Deshotels' pleading describes the removal of a trailer from property within the Village of Pine Prairie.  Deshotels was not present at the time of the removal, since he was "under a court order not to interfere with the removal of the trailer."  Deshotels alleges that an employee of the Village of Pine Prairie issued a citation to him for a "perceived violation of sum ordinance or policy of defendants," concerning the condition of property after the trailer removal.  He alleges the property did not belong to him; he did not have

---

[1][Doc. 6]

possession of the property, and he did not have control over the owners of the property sufficient to direct their actions. [Rec. Doc. 1-3, Para. 4] Pursuant to the citation, Deshotels was required to appear before Defendant Mayor Terry Savant, who presided over the mayor's court/tribunal. Deshotels alleges that despite his efforts to advise the mayor that he did not own the property at issue, he was nevertheless ordered to clean up the property[2]. [Rec. Doc. 1-3, Para. 5-6] In his attempts to comply with the court's order, Deshotels alleges he suffered a heat stroke and lost consciousness, suffering irreparable damage to his heart and body. He did not meet the cleanup deadline. Further, Plaintiff alleges that while still suffering the effects of the heat stroke, he was arrested and placed in jail, where he was denied his regular medications, causing further injury and damage. [Rec. Doc. 1-3, Para. 7] Deshotels urges that he is entitled to damages, including punitive damages as a result of the actions of the defendants, who he alleges acted with actual malice. [Rec. Doc. 1-3, Para. 8]

In the original and amending pleadings, Deshotels names as defendants the Village of Pine Prairie, Mayor Terry Savant-in his individual and official capacities, Council member Tammy Hammond-in her individual and official capacities, Council member Debbie Oge'-in her individual and official capacities, and Council member Quint West-in his individual and official capacities. [Rec. Doc. 1-2,1-3] Each individual defendant is identified as an elected official of the Village of Pine Prairie, acting in that capacity during the incidents described in the pleadings. [Rec. Doc. 1-3, Para. 2]

---

[2]The cleanup directive appears to have come after debris was left at the site following removal of the trailer.

The plaintiff's original handwritten pleading referenced claims of wrongful prosecution, without mention or implication of any federal law, along with claims for damages for failure to furnish medical services during Deshotels' confinement[3]. On November 15, 2011, Deshotels filed his First Supplemental and Amending Petition. [Rec. Doc. 1-3] In that document, Deshotels first alleged that he had been denied his rights under the state and United States Constitutions, and his entitlement to relief under "Title 42, section 1983." [Rec. Doc. 1-3, p. 4] On November 28, 2011, the defendants acted to remove the action to this court. [Rec. Doc. 1]

On December 2, 2011[4], the defendants filed their Motion to Dismiss the claims of Plaintiff (1) against Mayor Savant, Defendants Hammond, Oge' and West in their individual and official capacities and (2) for punitive damages against the Village of Pine Prairie. The

---

[3]In response to the defendants' Exception of No Cause of Action, the state court, in Reasons for Judgment, found "that plaintiff's petition makes absolutely no sense whatsoever," and, in Reasons for Judgment, the petition was dismissed on December 21, 2010, however no actual judgment appears in the record. [Rec. Doc. 8-3, p. 22] On January 26,2011, Judge Larry Vidrine recused himself, since his son serves as attorney for the City of Pine Prairie. [Rec. Doc. 8-3, p. 23] Deshotels appealed to the 3d Circuit Court of Appeals, which dismissed the appeal, since there is no Judgment in the record related to the Reasons for Judgment. [Rec. Doc. 8-5] The appellate decision also references Plaintiff's motion for leave to amend his original petition, which he alleged was denied. An Order granting leave to amend appears in the record.

[4]On the same date, Defendants filed responsive pleadings, denying the allegations of the plaintiff and asserting their rights to immunity ("absolute judicial and legislative immunity" and qualified immunity). [Rec. Doc. 4, p. 2] Defendants additionally urged that the plaintiff is not entitled to recover punitive damages against the village defendant or the individual defendants in their official capacities. [Rec. Doc. 4, p. 4] Defendants also seek to recover attorneys' fees, expert fees, and costs pursuant to 42 U.S.C. §1988. [Rec. Doc. 4, p. 6]

plaintiff has opposed the motion.[5]

## Applicable Law

### *The Rule 12(b)(6) Standard:*

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161(5th Cir. 2001). When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498(5th Cir. 2000). The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205(5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467(5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But, conclusory allegations and unwarranted deductions are not accepted as true, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a

---

[5]The undersigned received by regular mail a single page "Brief" from the plaintiff. It was not found in the court record, and it is assumed the plaintiff did not file the document into the record. A copy of the document has been filed into the record as Rec. Doc. 10.

claim to relief that is plausible on its face." *Twombly*, 127 U.S. at 570. The plaintiff's obligation is "to provide the 'grounds' of his 'entitle[ment] to relief' [and] requires more than labels and conclusions." *Id* at 555, citing *Papasan*, 478 U.S. at 286. The allegations must be sufficient to "raise a right to relief above the speculative level," and the pleading must contain something more than a statement of facts which create merely a suspicion of a legally cognizable right of action. *Id* at 555. While detailed factual allegations are not required, the plaintiff's obligation is to provide the grounds of his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 55 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). As the court stated in *Twombly*, if the plaintiff fails to allege facts sufficient to "nudge[][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949. The determination is context-specific, requiring the court to draw on its common sense and judicial experience.

The plaintiff in the instant case is proceeding *pro se*. In this circuit, it is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981)). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, "conclusory

-5-

allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir.2001) (*quoting Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir.1993)).

## *ANALYSIS AND DISCUSSION*

Most of Plaintiff's allegations are against the "government of Pine Prairie," as an entity. Plaintiff has alleged that "The city ignored an order that stated that a bond had to be filed at the court house in Ville Platte before the trailer was to be moved." [Rec. Doc. 1-2, p.2] He alleges that when the trailer was moved, only members of the government of Pine Prairie were present; he was not. [Rec. Doc. 1-2, p. 2] He further alleges that "[T]he city refuse[d] to furnish my medical needs,...."[Rec. 1-2, p. 3] These claims against the Village of Pine Prairie are not subject of the motion before the Court, and they remain viable for litigation beyond the ruling on the pending motion. The claims made subject of this motion include Plaintiff's §1983 claims for punitive damages against the Village of Pine Prairie and the plaintiff's §1983 claims against the Mayor and Council member defendants in their official and individual capacities, and the court's findings are limited to those claims.

### *The Punitive Damage Claims:*

In the Supplemental and Amending Petition, Deshotels seeks punitive damages against the Village of Pine Prairie for the alleged violation of his Constitutional rights. The moving defendants assert that those claims should be dismissed because municipalities are

immune from punitive damage awards under provisions of 42 U.S.C. §1983. The Court agrees. It is well-settled that punitive damages cannot be imposed against municipalities or counties or school districts in a §1983 lawsuit. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616(1981). It is also well-established that such immunity applies as well to municipal employees sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114(1985). To the extent Plaintiff has asserted claims for punitive damages against the Village of Pine Prairie or the mayor and Council member defendants in their official capacities, those claims should be DISMISSED.

### *The Claims against the Mayor and Council Members:*

The plaintiff has made §1983 claims against the mayor and the individual Council member defendants in both their official and individual capacities, all of which claims are made subject of the pending motion. Defendants assert that these claims should be dismissed, since the official capacity claims are redundant of the claims brought against the Village of Pine Prairie, and because the mayor and each Council member is entitled to absolute immunity for their actions.

### *The Official Capacity Claims*

A judgment in a §1983 lawsuit against an official in his official capacity imposes liability against the entity he represents. Such suits are "only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 362, 116 L.Ed.2d 301(1991); *Woodard v. Andrus*, 419 F.3d 348, 352(5th Cir.

2005). Since the local government unit can be sued directly, there is no need to bring official-capacity actions against local government officials, and the plaintiff would not be prejudiced by the dismissal of the individual defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 3104-06, 87 L.Ed.2d 114(1985). When the government entity itself is a defendant in the litigation, claims against specific individuals in their official capacities are redundant, and courts in this Circuit have found it is appropriate to dismiss them. *Flores v. Cameron County, Tex.*, 92 F.3d 258, 261(5th Cir. 1996); *Brittany B. v. Martinez*, 494 F.Supp.2d 534, 539(W.D.Tex. 2007).

In the instant case, the Village of Pine Prairie is named as a defendant, and the Motion to Dismiss does not seek dismissal of the Village from the litigation. Further, the record demonstrates that the claims made by Plaintiff against the Mayor and the Council member defendants are all alleged to be wrongful actions taken by them in their official, policy-making positions. The mayor is described to have acted in his capacity as presider over the mayor's court or tribunal; the elected Council members are described to have implemented the policies and procedures which led to the events at issue. To the extent Plaintiff might establish viable claims against the defendants in this/these context(s), they are official capacity claims and redundant of the claims which are brought against the Village of Pine Prairie. Those claims should therefore be DISMISSED.

***The Claims against Council Member Defendants in their Individual Capacities and Legislative Immunity:***

Only the direct acts or omissions of government officials will give rise to individual

liability under §1983. *Alton v. Texas A & M University*, 168 F.3d 196, 200(5th Cir. 1999). A state actor may be liable under §1983 only if he "was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345(5th Cir. 1981); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120(5th Cir. 1980). The allegations of Plaintiff against the individual Council member defendants are described broadly. No specific allegations are assigned to particular defendants. Plaintiff alleges that the defendants put in place policies and procedures which caused him harm, disregarding his constitutional rights. [Rec. Doc. 1-3, p. 3, para. 3] He states that all council members "signed the letter of what I had to do," so that all council members acted to damage him. [Rec. Doc. 1-2, p. 3] Finally, Plaintiff states that the "defendants' collectively caused" him to be denied his medicines while in jail. [Rec. Doc. 1-3, p. 4, para. 7]

The Supreme Court, in *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 362, 116 L.Ed.2d 301(1991) explained that on the merits, to establish personal liability in a §1983 action, it is enough to show that the defendant official, acting under color of state law, caused the deprivation of a federal right. While the plaintiff in a personal-capacity suit need not establish a connection to governmental policy or custom, officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law. *Hafer*, 502 U.S. at 25. In this case, the Council member defendants have asserted their entitlement to legislative

immunity for their "legislative decisions" made subject of the plaintiff's complaint. The United States Supreme Court has held that state, regional, and local legislators are absolutely immune from suit under §1983 for their legislative activities. Actions such as enacting ordinances, confecting and enforcing zoning restrictions, or construction moratoria are protected by absolute legislative immunity. Even spot zoning, related to a specific plot of land has been considered a legislative action. *Shelton v. City of College Station*, 780 F.2d 475 (5th Cir. 1986); *Calhoun v. St. Bernard Parish*, 937 F.2d 172 (5th Cir. 1991). In *Bogan v. Scott-Harris*, 523 U.S. 44, 55-56, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998), the Supreme Court held that a city council member was absolutely immune with regard to her vote in favor of an ordinance, despite the fact that the plaintiff claimed the action was designed to retaliate against her for exercising her First Amendment rights and was motivated by racial animus. Such immunity has been applied to police jurors. *Calhoun v. St. Bernard Parish*, 937 F.2d 172, 174 (5th Cir. 1991) ("The Police Jurors of St. Bernard Parish are entitled to a legislative immunity against damages in their individual capacities...regardless of the allegations of discriminatory intent."). To the extent the claims articulated by Plaintiff against the Council member defendants relate to their actions to enact ordinances, policies or procedures which may have led to the citation at issue, those actions are legislative, and the defendants are cloaked with absolute immunity for those actions, regardless of motive. *Bryan v. City of Madison, Miss.*, 213 F.3d 267, 272-73(5th Cir. 2000).

Considering the allegations of Plaintiff against the individual Council member

defendants in their individual/personal capacities, and giving those allegations the inferences which benefit the plaintiff, the court notes that Plaintiff has factually alleged that the Council member defendants signed the "paper" which ordered him to clean the property at issue; the citation itself was allegedly issued by an unnamed village employee. [Rec. Doc. 1-3,p. 3, para. 4] Plaintiff has not alleged that any Council member caused him to be arrested, held in contempt or jailed; he has assigned that fault to the mayor's tribunal. While Plaintiff has also stated that the "defendants' collectively caused" him to be denied his medicines while in jail [Rec. Doc. 1-3, p. 4, para. 7], the Court finds this allegation to be conclusory, and there are no facts in the pleadings to support an inference that individual Council members had anything to do with Plaintiff's incarceration, or the terms/conditions of his confinement. The facts pled by Plaintiff limit Council member involvement to the promulgation of policies and procedures which led to Plaintiff's citation, which he finds unreasonable. On those facts, the undersigned concludes that the Council member defendants are entitled to absolute legislative immunity.

***Individual Claims against Mayor Savant and the Defense of Judicial Immunity:***

      Defendant Mayor Savant is alleged by Plaintiff to have served as Mayor of the Village of Pine Prairie and presider over the mayor's court. Specifically, Plaintiff has alleged that Mayor Savant ordered him to clean up the property in question, despite the summer heat and with knowledge that plaintiff was physically ill and that he had not caused debris to be on the property. [Rec. Doc. 1-2, p. 3; 1-3, pp. 3-4, para. 6] Plaintiff further alleges that the mayor had

the plaintiff arrested and put in jail and "collectively" with other defendants caused him to be denied his regular medications. [Rec. Doc. 1-3, p. 4, para. 7] Defendants argue that by the plaintiff's descriptions in the pleadings, all claims against Mayor Savant concern actions by the mayor within the scope of his role as a judicial officer, and those claims are therefore barred by judicial immunity. "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." *Ammons v. Baldwin*, 705 F.2d 1445, 1447(5th Cir. 1983)(citations omitted). Such judicial immunity applies even if a judge is accused of acting maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331(1978).

Louisiana Revised Statute 33:441 provides that the mayor's court has jurisdiction over all violations of municipal ordinances. "The mayor may try all breaches of the ordinances and impose fines or imprisonment, or both, provided for the infraction thereof." La. R.S. 33:441(A)(1). The statute further provides that "[t]he presiding officer of a mayor's court shall be entitled to judicial immunity for his official acts as presiding officer in the same capacity as a judge in this state." La. R.S. 33:441(C)(2).

The Supreme Court in *Stump* identified two factors relevant to determining whether a given act is judicial. First, the act must be of the sort judges ordinarily perform. *Stump*, 435 U.S. at 362, 98 S.Ct. at 1107, 55 L.Ed.2d at 342. Second, the parties must have been dealing with the judge "in his judicial capacity." *Id.* There are only two circumstances under which judicial immunity may be overcome. A judge is not immune from liability for non-judicial

acts, *i.e.* actions not taken in the judge's judicial capacity, and a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116, L.Ed.2d 9(1991). The pleadings do not contain allegations that Mayor Savant acted outside his jurisdiction as mayor and presider over the mayor's court. In the instant case, the pleadings demonstrate that the conduct of the contempt hearing at issue, the 'sitting in judgment' by the mayor, the handing down of punishment to Plaintiff, including incarceration, were all actions falling within the ambit of Mayor Savant's judicial authority and responsibility. The dealings of Plaintiff with the mayor occurred in that context. The undersigned concludes, therefore, that Mayor Terry Savant is entitled to absolute judicial immunity for any actions taken by him in his capacity as presider over the mayor's court, including the issuance of the citation, the contempt hearing and judgment, and the sentence handed down to Plaintiff. Beyond conclusory allegations, the pleadings in the instant case contain no other factual allegations against the Mayor defendant.

### *Claims Remaining for Litigation:*

The motion before the court has been limited by the movers only to those claims by the plaintiff for punitive damages against the Village of Pine Prairie and the individual and official capacity claims against the mayor and council member defendants based on the absolute immunity to which those defendants are entitled. The motion does not address Plaintiff's claims against the Village of Pine Prairie, whether under state or federal law, and therefroe, the undersigned makes no recommendations with regard to those claims.

## *RECOMMENDATION*

For the reasons discussed above, it is the recommendation of the undersigned that the Motion to Dismiss pursuant to Rule 12(b)(6) filed by Defendants, the Village of Pine Prairie, Terry Savant, Tammy Hammond, Debra Oge', and Quint West [Doc. 3] be GRANTED as presented and that the plaintiff's claims for punitive damages against the Village of Pine Prairie should be DISMISSED with prejudice.

It is further recommended that the plaintiff's claims against the Council member defendants Tammy Hammond, Debbie Oge', and Quint West, and Mayor Terry Savant pursuant to provisions of 42 U.S.C. §1983, in their official and individual capacities, should be DISMISSED with prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See

*Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

    Signed at Lafayette, Louisiana this 12th day of April, 2012.

                                          Patrick J. Hanna
                                   United States Magistrate Judge