RECEIVED

OCT 1 0 2012

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOHN W. DESHOTELS | CIVIL ACTION NO. 11-CV-2052 |
| VERSUS | JUDGE DOHERTY |
| VILLAGE OF PINE PRAIRIE, ET AL | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is a motion for summary judgment, filed by defendant, Village of Pine Prairie ("Pine Prairie"), wherein defendant seeks dismissal of the remaining claims asserted against it by *pro se* plaintiff, John W. Deshotels.[1] [Doc. 13]  On May 15, 2012, this Court dismissed plaintiff's claims, asserted pursuant to 42 U.S.C. § 1983, against Pine Prairie Council Members Tammy Hammond, Debbie Ogé, and Quint West ("Council Members), and Mayor Terry Savant, in their official and individual capacities. [Doc. 12; Doc. 11, pp. 10, 12] Plaintiff's claim for punitive damages pursuant to § 1983, asserted against the Village of Pine Prairie, and the mayor and council members in their official capacities, was also dismissed. [Doc. 11, p.7] Plaintiff's remaining claims appear to consist of the following[2]: § 1983 claims against the Village of Pine Prairie for violating plaintiff's due process rights and failing to furnish plaintiff's medications while he was

---

[1]For a detailed recitation of the factual background in this matter, see the Report and Recommendation issued on April 13, 2012 [Doc. 11], and adopted by this Court on May 15, 2012 [Doc. 12].

[2]Exactly what claims are being asserted by plaintiff is not abundantly clear from a review of the original petition [Doc. 1-2] and the First Supplemental and Amending Petition [Doc. 1-3] filed in this matter. Nevertheless, as plaintiff is proceeding *pro se*, out of an abundance of caution, this Court has read the assertions contained in those pleadings in the broadest possible manner.

incarcerated; plaintiff's claims against the Mayor, council members and Pine Prairie for violating

rights granted plaintiff by the Louisiana Constitution; and plaintiff's state law claim against the

mayor, council members and Pine Prairie for malicious prosecution. For the following reasons, the

motion is GRANTED.[3]

With regard to plaintiff's § 1983 claims asserted against the Village of Pine Prairie, the Court

notes, "a locality cannot be held liable under § 1983 solely on a theory of respondeat superior."

*Murray v. Town of Mansura*, 76 Fed.Appx. 547, *549 (5th Cir. 2003); *see also Monnell v.*

*Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978)("a municipality cannot

be held liable under § 1983 on a *respondeat superior* theory"). As the Fifth Circuit Court of Appeals

has explained:

> In order to hold a municipality or a local government unit liable under Section
> 1983 for the misconduct of one of its employees, a plaintiff must initially allege that
> an official policy or custom was a cause in fact of the deprivation of rights inflicted.
> To satisfy the cause in fact requirement, a plaintiff must allege that the custom or
> policy served as a moving force behind the constitutional violation at issue or that
> [his] injuries resulted from the execution of an official policy or custom. The
> description of a policy or custom and its relationship to the underlying constitutional
> violation, moreover, cannot be conclusory; it must contain specific facts.

*Spiller v. City of Texas City, Police Department*, 130 F.3d 162, 167 (5th Cir.1997) (internal quotation

---

[3]The motion to dismiss is submitted solely on behalf of the Village of Pine Prairie. [Doc. 13; Doc. 13-1, pp. 1, 2, 5] It appears counsel for Pine Prairie is of the opinion *all* claims against the individual defendants have been dismissed. However, the only claims which have been dismissed in this matter are those noted above. Nevertheless, in the supporting memoranda, defense counsel addresses all remaining claims against all defendants, presumably because the liability of Pine Prairie, as asserted by plaintiff in his pleadings, constitutes "vicarious liability." Accordingly, the Court has before it sufficient information by which it may address all remaining claims. Furthermore, plaintiff has had adequate notice defendant seeks dismissal of all "remaining claims" [*see e.g.* Doc. 13-1, p.2], and he has had adequate opportunity to respond to the arguments contained in defendants' brief [Doc. 14]. *See e.g.* Fed.R.Civ.P. 56(f)(After giving notice and opportunity to respond, court may grant summary judgment for a nonmovant, grant the motion on grounds not raised by a party, or consider summary judgment on its own); *Atkins v. Salazar*, 677 F.3d 667, 678-81 (5th Cir. 2011); *Ioannides v. University of Texas M.D. Anderson Cancer Center*, 418 Fed.Appx. 269, *2 (5th Cir. 2011).

marks, brackets, and citations omitted).  Further, "[a] plaintiff may not infer a policy merely because

harm resulted from some interaction with a governmental entity." *Colle v. Brazos County, Texas*,

981 F.2d 237, 245 (5th Cir.1993).  Rather, a plaintiff must identify the policy or custom which

allegedly caused the deprivation of his constitutional rights. *See, e.g., Murray v. Town of Mansura*,

76 Fed. App'x 547, 549 (5th Cir.2003); *Treece v. Louisiana*, 74 Fed. App'x 315, 316 (5th Cir.2003).

In this matter, plaintiff has failed to identify *any* policy, procedure or custom which allegedly caused

the deprivation of his constitutional rights. Accordingly, plaintiff's § 1983 claims against the Village

of Pine Prairie must be dismissed.  *Murray* at 550.

Plaintiff's pleadings assert he "was denied his constitutional rights" provided by the

Louisiana Constitution. [Doc. 1-3, ¶ 8] Plaintiff does not specify which rights were allegedly

violated.  To the extent plaintiff argues any defendant is liable for the enactment of the ordinance(s)

at issue, such claim must be dismissed. *See e.g. Roberson v. Bossier Parish Police Jury*, 535 So.2d

1199, 1202 (La. 2 Cir. 1998)(Governmental entity is not liable for enacting legislation or for failure

to take legislative action); *see also* La. R.S. 9:2798.1 ("Policymaking or discretionary acts or

omissions of public entities or their officers or employees").

To the extent plaintiff argues he was falsely arrested or falsely imprisoned, such a claim must

be dismissed.  With regard to such a claim against the mayor, Louisiana law provides: "The

presiding officer of a mayor's court shall be entitled to judicial immunity for his official acts as

presiding officer in the same capacity as a judge in this state." La. R.S. 33:441(C)(2); *see also e.g.*

*Moore v. Taylor*, 541 So.2d 378, 381 (La. 2 Cir. 1989)("The issuance of or refusal to issue a peace

bond or arrest warrant are clearly judicial functions. . . ."); *Gravois v. Ockmond*, 409 So.2d 400, 402

(La. 4 Cir. 1982)(to maintain claim against justice of the peace for false arrest, plaintiff must allege

3

malice or corruption and "that defendant was acting beyond his jurisdiction."); *Killeen v. Boland, Gschwind Co.*, 102 So. 672 (La. 1924). To the extent plaintiff argues the council members are liable for false arrest or false imprisonment, those claims must also be dismissed. First, plaintiff does not identify any council member involved in his arrest or incarceration. Second, the evidence submitted by defendant indicates council members have no role in the enforcement of Pine Prairie ordinances, the arrest of any individual, judicial proceedings relating to Pine Prairie Ordinances, the incarceration of individuals convicted of violating Pine Prairie ordinances, or the incarceration of individuals due to contempt of the Mayor's Court of Pine Prairie. [Doc. 13-1, p.12] Finally, although plaintiff has attached the arrest warrant to his memorandum in opposition [Doc. 15-1, p.1], he does not argue the warrant was invalid in any manner. *See e.g. Brown v. City of Monroe*, 2012 WL 3101671, *5 (La. 2 Cir. 2012)("[I]f a person is arrested pursuant to a valid warrant, there is no false arrest or false imprisonment")(citing *Rodriguez v. Deen*, 759 So.2d 1032 (La. 2 Cir. 2000); *Hays v. Hansen*, 692 So.2d 3 (La. 3 Cir. 1997). Accordingly, any claim of false arrest or false imprisonment must be dismissed, and thus, there can be no vicarious liability on the part of Pine Prairie. *See e.g.* La. Civ. Code arts. 2317, 2320.

With regard to plaintiff's claim of deprivation of medications while incarcerated, that claim must be dismissed. The pleadings and brief filed by plaintiff in this matter contain no allegations of any specific action or inaction taken by any of the defendants sued herein with regard to plaintiff's medications. For that reason alone, plaintiff's claim must be dismissed. *See e.g. Fairley v. Stalder*, 294 Fed.Appx. 805, 812-13 (5th Cir. 2008). Furthermore, under Louisiana law, the sheriff's office - and not Pine Prairie, its mayor or its council - controls the daily operations of the jail, including providing medical care for prisoners. *See* La. R.S. §§ 15:304, 15:702; 33:4715; 15:704, 12:5539;

*Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D.La. 1998); *Rue v. Gusman*, 2010 WL 1930936 (E.D.La. 2010).

With regard to plaintiff's claim of malicious prosecution[4], plaintiff has not alleged the judicial proceedings instituted against him terminated in his favor. *See e.g. Jones v. Soileau*, 448 So.2d 1268, 1271 (La. 1984)(third element of plaintiff's prima facie burden for claim of malicious prosecution requires plaintiff to show the malicious judicial proceeding terminated in plaintiff's favor). Accordingly, plaintiff's claim of malicious prosecution must be dismissed. *Deville v. Marcantel*, 567 F.3d 156, 173 (5th Cir. 2009).

In light of the foregoing, all remaining claims asserted in this matter are hereby DISMISSED. Within thirty days of receipt of this Ruling, defendant is to SUBMIT a proposed, final judgment, approved as to form by plaintiff.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this _____10_____ day of October, 2012.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[4]Although "the federal Constitution does not include a 'freestanding' right to be free from malicious prosecution," Louisiana law does recognize such a claim under La. Civ. Code art. 2315. *Deville v. Marcantel*, 567 F.3d 156, 169, 173; *Jones v. Soileau*, 448 So.2d 1268, 1271 (La. 1984).